# FILED

October 18 2011

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 11-0072

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2011 MT 259N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

RAMAH IRENE MCDONALD,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-32-2007-0000304-IN
Honorable Douglas G. Harkin, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Joslyn Hunt, Chief Appellate Defender, Lisa S. Korchinski, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

          Fred R. Van Valkenburg, Missoula County Attorney; Shawn Thomas,
Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  October 5, 2011

Decided:  October 18, 2011

Filed:

_____
                   Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      In August 2007, Ramah Irene McDonald was charged with two counts of felony assault with a weapon and one count of misdemeanor obstructing a peace officer.  In early 2008, pursuant to a plea agreement, one felony assault count and the misdemeanor charge were dismissed by the court and McDonald received a three-year deferred sentence for the remaining felony assault charge.  The deferred sentence included 30 probationary conditions.

¶3      In August 2010, the State filed a petition to revoke McDonald's deferred sentence after McDonald was arrested for alleged probation violations, including but not limited to failing to report and drug and alcohol use.  Additionally, a knife and a straight-edged razor were found during an arrest-related search of McDonald's residence and vehicle. At her revocation hearing, McDonald admitted to some violations but denied others. After finding numerous probation violations, the District Court indicated that it was disinclined to accept McDonald's probation officer's recommendation of five years; rather, it was considering imposing a sentence "more toward the maximum" sentence of 20 years based upon McDonald's "propensity for violence under the influence of drugs."

2

The District Court, however, instructed McDonald to undergo comprehensive chemical dependency and psychological evaluations before the court pronounced sentence.

¶4 While McDonald was in the Missoula County Detention Center awaiting the court-ordered evaluations, McDonald was charged with felony assault on a peace officer. As a result, McDonald's probation parole officer changed her sentence recommendation to 20 years at Montana Women's Prison.

¶5 The evaluations were filed with the court on November 30, 2010. The reports indicated McDonald had serious substance abuse problems in addition to several psychological problems. The District Court sentenced McDonald to 20 years at Montana Women's Prison with ten suspended. The court also required McDonald to successfully complete the program at Passages or Elkhorn and a prerelease program before being eligible for parole. McDonald appeals, asserting the District Court violated her constitutional right to due process when it based her sentence on a pending charge of alleged assault.

¶6 We review a district court's criminal sentence for legality. *State v. Benoit*, 2002 MT 166, ¶ 18, 310 Mont. 449, 51 P.3d 495. Section 45-5-213, MCA, allows a district court to sentence McDonald for assault with a weapon for a term not to exceed 20 years. The court sentenced McDonald to a legal sentence of 20 years with ten years suspended. Also, as indicated above, the court announced that it was leaning toward imposing the maximum sentence before McDonald was charged with felony assault.

¶7 McDonald argues that the District Court used her "pending charge" of assault "as the basis for [her] sentence." However, there is nothing in the record from which to

3

conclude the District Court issued a harsher sentence based upon this alleged assault. At the sentencing hearing, the court acknowledged receipt of the probation officer's letter pertaining to the alleged infraction and asked defense counsel to comment. The court then asked the defendant and the prosecutor for their thoughts on sentencing. At the time the court issued its sentence, it made no reference to the alleged assault, stating that the court "ha[d] considered the matters contained in the file regarding the probation violation." The District Court's sentence is within the statutory sentencing parameters and is therefore not illegal.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issue in this case is legal and is controlled by settled Montana law, which the District Court correctly interpreted.

¶9 For the foregoing reasons, we affirm the judgment of the District Court.

/S/ PATRICIA COTTER

We concur:

/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS